# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00444-CV

**Thomas Wilson a/k/a Thomas Marvin Wilson, Appellant**

**v.**

**The State of Texas; the City of Dallas, Texas; and the Transit Authority of Dallas, Texas, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GV-06-001902, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

Appellees the State of Texas, the City of Dallas, Texas, and the Transit Authority of Dallas, Texas (collectively, the "State") obtained a summary judgment against appellant Thomas Wilson for a portion of the sales tax liability of a corporation owned and controlled by Wilson, under section 171.255 of the Texas Tax Code. Wilson appeals, arguing that the State failed to assess him personally and file suit against him within the applicable limitations periods under the tax code, thereby making the summary judgment against him erroneous. We affirm the judgment of the district court.

### Factual and Procedural Background

Thomas Wilson is the sole officer and director of Wilson Nursery, Inc. Wilson Nursery twice had its corporate privileges forfeited for failing to timely file its franchise tax reports—once during 2000 and again from November 2001 to July 2002. *See* Tex. Tax Code Ann.

§ 171.251(1) (West 2008). In March 2003, the Texas Comptroller of Public Accounts commenced a sales tax audit of Wilson Nursery for the period of April 1, 1999, through January 31, 2003. Following the completion of the audit in June 2003, the Comptroller sent Wilson Nursery a notification of audit results. The notification stated that the total amount due was $564,244.40 and that the amount would become final on August 18, 2003, unless Wilson Nursery requested an administrative redetermination by that date. Wilson Nursery did not request a redetermination on or prior to August 18, 2003.

Wilson Nursery subsequently requested an administrative redetermination, which the Comptroller granted on December 12, 2003.[1] In 2004, Wilson Nursery filed a Chapter 7 bankruptcy petition in federal court, and the redetermination process was stayed. After the conclusion of the bankruptcy proceeding and the lifting of the bankruptcy stay, the Comptroller sent its position letter to Wilson Nursery, but received no response. The administrative law judge issued a proposed decision to dismiss the redetermination, which the Comptroller approved and adopted. The dismissal became final on December 16, 2005.

The State filed suit against both Wilson Nursery and Wilson in district court on September 27, 2006, for the taxes, penalties, and interest due from the 2003 audit. The State filed a motion for summary judgment against both defendants, basing Wilson's personal liability for a portion of Wilson Nursery's tax delinquency on section 171.255 of the tax code. Section 171.255

---

[1] Although Wilson Nursery's request for a redetermination was untimely and, therefore, did not prevent the tax determination from becoming final on August 18, 2003, *see* Tex. Tax Code Ann. § 111.009(b) (West 2008), the Comptroller nonetheless granted Wilson Nursery's request for a redetermination. We recognize that when a petition for redetermination is untimely, "the redetermination is barred." *Id.* However, no party has challenged the appropriateness or validity of the administrative redetermination.

imposes a corporation's tax liability on the corporation's directors and officers during a period of forfeiture of corporate privileges for failing to file franchise tax reports.

> If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived.

*Id.* § 171.255(a) (West 2008). Such individual liability "is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership." *Id.* § 171.255(b). The district court granted the State's motion for summary judgment on July 12, 2007.

Wilson appeals the judgment,[2] arguing that (1) the Comptroller failed to assess Wilson personally for the tax owed within four years from the date that the tax became due and payable in accordance with tax code section 111.201, and (2) the State failed to file suit against Wilson within three years from the date the tax deficiency became due and payable in accordance with tax code section 111.202.

### Tax Code Section 111.201

Under section 111.201 of the tax code, state sales tax may not be assessed after four years from the date that the tax becomes due and payable. *Id.* § 111.201 (West 2008). Wilson asserts that he was never personally assessed for Wilson Nursery's tax deficiency, and that the State cannot sue Wilson to collect taxes for which he was not assessed. The State admits that Wilson was not personally assessed but argues that no statute makes personal assessment a prerequisite to a section 171.255 suit.

---

[2] Wilson Nursery has not appealed.

Wilson attempts to find statutory authority for his assertion in chapter 33 of the tax code, but chapter 33 is in title 1 of the tax code, which governs property tax. *See id.* § 1.01 (West 2008). Even assuming Wilson's characterization of chapter 33 is correct, the tax delinquency at issue involves sales tax, which is governed by titles 2 and 3 of the tax code. *See id.* §§ 151.001, 321.001, 322.001 (West 2008). Wilson also attempts to find authority for his assertion in section 6201 of the Internal Revenue Code, which sets forth the assessment authority of the Secretary of the Treasury. *See* 26 U.S.C. § 6201 (2002); *see also id.* § 6303 (2002) (requiring notice of tax liability after the assessment of the tax). Even assuming Wilson's characterization of federal law is correct, however, the tax delinquency at issue does not include federal tax. We find no authority that would require the personal assessment of Wilson before the State may file suit against Wilson under section 171.255 of the tax code for his corporation's state and local sales tax delinquency, where the Comptroller has properly assessed the corporation.[3] *See State v. Gandy*, No. 03-91-00338-CV (Tex. App.—Austin Oct. 14, 1992, no writ) (not designated for publication) (holding that, in action to collect a company's sales tax delinquency from the company's president under section 111.016 of the tax code, the Comptroller's failure to assess the tax against the president personally did not deprive the trial court of subject-matter jurisdiction).

Because there is no authority requiring the personal assessment of a director or officer before filing suit under tax code section 171.255 for taxes that have been assessed against the corporation, we conclude there was no violation of section 111.201 of the tax code.

---

[3] Wilson does not dispute that the Comptroller assessed Wilson Nursery within the four-year period established by section 111.201 of the tax code.

*Tax Code Section 111.202*

Under section 111.202 of the tax code, the Comptroller may bring an action to collect delinquent taxes, penalties, and interest within three years after the deficiency has become due and payable. Tex. Tax Code Ann. § 111.202 (West 2008). The State concedes that the tax delinquency became due and payable on August 18, 2003, and that it did not file suit against Wilson until September 27, 2006, more than three years later. The State argues, however, that the suit is timely because the three-year statute of limitations was tolled during the administrative redetermination process that was requested by Wilson Nursery. Under section 111.207 of the tax code, the section 111.202 statute of limitations is tolled for "the period during which an administrative redetermination or refund hearing is pending before the comptroller." *Id.* § 111.207(a)(3) (West 2008).

Wilson does not dispute the fact that the tolling provision, if applicable, would make the State's suit timely under section 111.202. According to Wilson, however, while Wilson Nursery's administrative redetermination may have tolled the statute of limitations as to Wilson Nursery, it did not toll the statute of limitations as to Wilson himself. Wilson relies on Comptroller Hearing Number 44,195 to support his argument. In that proceeding, the petitioner had sought a redetermination of the Comptroller's assessment against him personally for his company's sales tax delinquency based on section 111.016(b) of the tax code, which imposes liability on a responsible individual for willful non-payment of a company's sales tax. *See* Tex. Comp. Pub. Acc'ts, Hearing No. 44,195 (July 8, 2004); Tex. Tax Code Ann. § 111.016(b) (West 2008). The administrative law judge determined that the four-year period for tax assessment under section 111.201 was not tolled by section 111.207 "because it was COMPANY'S administrative

5

proceeding on the redetermination of its tax liability, not Petitioner's." *See* Hearing No. 44,195. The Comptroller approved and adopted the decision of the administrative law judge. *See id.*

Assuming that the reasoning in Hearing Number 44,195 could be extended to apply to tax code section 171.255 in addition to section 111.016, we decline to follow the Comptroller's decision in Hearing Number 44,195. In determining whether section 111.207's tolling provision applies to Wilson, we begin with the plain language of the statute. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) ("When construing a statute, we begin with its language."). Under section 111.207, the three-year statute of limitations for filing suit is tolled for "the period during which an administrative redetermination . . . is pending before the comptroller." Tex. Tax Code Ann. § 111.207(a)(3). Also under section 111.207, this tolling of the statute of limitations applies only to the "issues that were contested" in that administrative redetermination. *Id.* § 111.207(b). The tolling is expressly restricted by issues, not by parties. Therefore, the tolling of section 111.207(a)(3) would apply if an issue contested in the corporation's administrative redetermination is also an issue as to the director or officer's personal tax liability.

Section 171.255 extends a corporation's tax liability to an individual director or officer during a forfeiture of corporate privileges for failing to file franchise tax reports. *See id.* § 171.255(a). Such individual liability is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership. *Id.* § 171.255(b). It follows, then, that where the tax period at issue in a corporation's administrative redetermination of the corporation's tax delinquency amount includes a time period during which section 171.255 liability would apply to a director or officer, the "issues that were contested" in that redetermination include the amount of the director or officer's potential tax liability as well. Under a plain reading

6

of section 111.207, a corporation's administrative redetermination tolls the three-year statute of limitations for both the corporation and any director or officer who could be personally liable under section 171.255 for a portion of the amount at issue in the hearing. *See id.* § 111.207(a)(3), (b).

The doctrine of legislative acceptance supports our conclusion that it would be error to apply Hearing Number 44,195's construction of section 111.207. Under the doctrine, a court should construe a statute as an agency does "when an agency interpretation of an ambiguous statute has been in effect for a long time and the Legislature re-enacts the statute without change." *Public Util. Comm'n v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 324 (Tex. 2001). Here, given our conclusion that the plain language of section 111.207 does not require that the director or officer be a party to the administrative redetermination for tolling to apply, section 111.207 is not ambiguous, and Hearing Number 44,195's construction is not supported by section 111.207's plain language. *See Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 807 (Tex. 2002) (construction of a statute by agency charged with its enforcement is entitled to serious consideration, but only if that construction is reasonable and does not contradict the statute's plain language). Moreover, the administrative construction is neither long-standing nor universally applied, as Hearing Number 44,195 is a single decision providing no authority for or explanation of its construction of section 111.207 (the relevant language in the decision consists of a one-sentence parenthetical). *See* Hearing No. 44,195; *Texas Citrus Exch. v. Sharp*, 955 S.W.2d 164, 170 (Tex. App.—Austin 1997, no pet.) ("[W]e give greater deference to an agency interpretation that is long-standing and applied uniformly."). Lastly, rather than re-enacting section 111.016—the statute under which the Comptroller sought to impose personal liability in Hearing Number 44,195—"without change," the

7

legislature in 2007 amended section 111.016 in a manner that overturned the construction given by Hearing Number 44,195. *See* Tex. Tax Code Ann. § 111.016(b-1).

Wilson's sales tax delinquency amount is a portion of the sales tax delinquency amount that was at issue in Wilson Nursery's administrative redetermination. Therefore, the tolling provision of tax code section 111.207(a)(3) applied to the State's section 171.255 claims against Wilson during Wilson Nursery's redetermination process, and those claims are not barred by the three-year statute of limitations in section 111.202.[4]

### *Conclusion*

The State's suit against Wilson individually for a corporate sales tax liability under tax code section 171.255 violated neither tax code section 111.201's four-year period during which a tax that has become due and payable may be assessed, nor tax code section 111.202's three-year period during which suit may be filed to collect a delinquent tax that has become due and payable. The judgment of the district court is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: November 21, 2008

_____

[4] Given our conclusion that the State's claims against Wilson were timely, we do not need to consider the State's alternative assertion that Wilson, by not addressing his argument that section 111.202 bars the State's claims in his response to the State's motion for summary judgment, waived the argument.

8